IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Michael G. Sheehan,<br><br>        Plaintiff,<br><br>   vs.<br><br>County of Kauai, County of<br>Kauai Planning Commission,<br>County of Kauai Planning<br>Department, James E. Nishida,<br>Jr., Camilla Matsumoto, Paula<br>Morikami, Jan Kimura, Herman<br>Texeira, Caven Raco, Bernard<br>Carvalho, Leslie Milnes, Glenn<br>Kosaka, Does 1-10.<br><br>        Defendants. | Civ. No. 12-00195 HG-BMK |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 29 2013

at 6 o'clock and 12 min. LL M.
SUE BEITIA, CLERK

**ORDER GRANTING, IN PART, DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 26)**

Plaintiff Michael G. Sheehan contests Defendants' revocation of his permits to operate a boatyard.  Plaintiff alleges Defendants violated his rights under both the United States Constitution and the Hawaii State Constitution.  Plaintiff alleges the individual Defendants are personally liable for Constitutional violations pursuant to 42 U.S.C. § 1983 and for conspiracy.  Plaintiff also asserts the Defendants interfered with his prospective economic advantage.  Defendants move to dismiss for failure to state a claim pursuant to Federal Rule of

1

Civil Procedure 12(b)(6).  The Defendants argue Plaintiff's claims are barred by the doctrine of collateral estoppel based on a Hawaii Fifth Circuit Court Order and Judgment affirming the revocation of the permits.  In supplemental briefing, Defendants also assert that Plaintiff's claims are barred by the Rooker-Feldman doctrine

Defendants' Motion for Judgment on the Pleadings is **GRANTED, IN PART.**

The Younger abstention doctrine requires the Court to **DISMISS** Plaintiff's claims for injunctive relief.  The remainder of the case is **STAYED** pending the resolution of the Plaintiff's appeal before the Hawaii Intermediate Court of Appeals.

## PROCEDURAL HISTORY

On April 13, 2012, Plaintiff Michael G. Sheehan ("Sheehan") filed a Complaint. (ECF No. 1.)

On June 4, 2012, Defendants County of Kauai, County of Kauai Planning Commission, and County of Kauai Planning Department ("County Defendants") filed an Answer. (ECF No. 16.)

On June 4, 2012, Defendants James E. Nishida, Jr., Camilla Matsumoto, Paula Morikami, Jan Kimura, Herman Texeira, Caven Raco, Bernard Carvalho, Leslie Milnes, and Glenn Kosaka ("Individual Defendants") filed an Answer.  (ECF No. 17.)

2

On October 4, 2012, the Individual Defendants filed a Motion for Judgment on the Pleadings, in which the County Defendants joined. (ECF No. 26.)

On October 26, 2012, Plaintiff filed an Opposition to the Motion for Judgment on the Pleadings.  (ECF No. 31.)

On November 15, 2012, the Individual Defendants filed a Reply, in which the County Defendants joined.  (ECF No. 32.)

On December 18, 2012, a hearing was held on the Motion for Judgment on the Pleadings.

On January 29, 2013, the Court issued a Minute Order directing the parties to submit supplemental briefing on the application of the Rooker-Feldman doctrine.  (ECF No. 36.)

On February 15, 2013, Plaintiff field a Supplemental Opposition to Defendants' Motion for Judgment on the Pleadings. (ECF No. 37.)

On March 1, 2013, the Individual Defendants filed a Response to Plaintiff's Supplemental Opposition.  (ECF No. 38.)  The same day, the County Defendants filed a substantive joinder to the Individual Defendants' Response.  (ECF No. 40.)

## BACKGROUND

Plaintiff Michael G. Sheehan ("Sheehan"), owns and operates a boatyard on his property pursuant to permits issued in 1987 ("Permits") by the Planning Commission of the County of Kauai ("Planning Commission").  (Compl. at ¶¶ 16-18.)  The boatyard is

located on approximately 8.4 acres of land along the Hanalei River on the Island of Kauai. (Id. at ¶ 16.)  Plaintiff invested more than $1 million in constructing the boatyard.  (Id. at ¶ 18.)

In 1988, the County of Kauai ("County"), under the direction of former Mayor Yukimura, sought to enjoin the anticipated clientele of the boatyard.  (Id. at ¶ 19.)  The Hawaii State Court of the Fifth Circuit issued a preliminary injunction against numerous boat companies conducting commercial boating activity at Hanalei.  (Id.)  Several commercials companies, however, were able to continue operations from Plaintiff's boatyard.  (Id.)

On September 23, 1993, the Planning Commission issued an Order to Show Cause ("OSC") against Sheehan alleging he was in violation of conditions 5, 6, 7, 9, and 11 of his Permits.  (Id. at ¶ 20.) In response to the OSC, Sheehan filed a federal lawsuit on November 29, 1993 entitled Sheehan v. County of Kauai, et al., Civil No. 93-00911 (DAE).  (Compl. at ¶ 21.)  The Defendants in the lawsuit included the County of Kauai, the Planning Commission, the Planning Department, the individual Planning Commissioners, the current and former Planning Directors, a Coastal Zone Planner, the County Attorney, the Deputy County Attorney, and Mayor Yukimura.  Sheehan raised federal and state claims based on (1) the Commission's issuance of the OSC, (2) the

4

Commission's requirement that commercial boat operators obtain individual permits in 1988, and (3) the Commission's adoption of the Hanalei Estuary Management Plan in 1992.  On August 5, 1994, the United States District Court for the District of Hawaii held that the claims based on the issuance of the OSC were not ripe and the individual defendants had qualified immunity on the federal causes of action.  See Sheehan v. County of Kauai, et al., Civil No. 93-00911 (DAE), Order of 08/05/94 (ECF No. 78).  On September 12, 1996, the court dismissed the remaining state law claims.  Id. Order of 9/12/96 (ECF No. 224).

No further proceedings or hearings before the Commission took place regarding the 1993 OSC and the County dismissed the 1993 OSC in 1998.  (Compl. at ¶ 21.)  In 1998, Sheehan and the County reached a tentative settlement, however, according to Plaintiff, the County refused to implement it.  (Id.)

In 2000, the State of Hawaii banned all commercial boat tours from operating in Hanalei Bay, Hanalei River, and the adjacent ocean waters.  (Id. at 22.)

In 2001, the United State District Court for the District of Hawaii issued a permanent injunction against the State from enforcing the ban on commercial boat tour activities in the banned Hanalei area.  See Young v. Coloma-Agaran, et al., No. Civ. 00-00774 HG-BMK, 2001 WL 1677259 (D. Haw. Dec. 27, 2001) aff'd 340 F.3d 1053 (9th Cir. 2003).

5

On July 7, 2003, the preliminary injunction issued in 1988 by the Hawaii State Fifth Circuit Court against boat companies conducting commercial boating activities in the Hanalei area was dissolved after the lawsuit was dismissed with prejudice for failure to prosecute.  (Compl. at ¶ 24.)

Following the dismissal in July 2003, Plaintiff advised the Planning Department that he intended to reopen the boatyard to his former commercial tour boat clientele and begin operations. (Compl. at ¶ 25.)  The County informed Plaintiff that his clients were still enjoined from the boatyard and that he was not permitted to operate.  (Id.)

On July 6, 2005, Plaintiff filed a second federal court action against the State of Hawaii and the County of Kauai seeking a declaration that the defendants could not interfere with Sheehan's boat company and boatyard operations.  See Hanalei River Enterprises, Inc., et al. v. Planning Commission of the County of Kauai, et al., Civ. No. 05-00425 HG-LEK.  The court dismissed Plaintiff's Complaint against the County for failure to state a claim.  (Id. at Order of 12/8/05, ECF No. 26.)

Plaintiff alleges that during the 2005 federal litigation, the "County admitted Plaintiff possessed all necessary permits to conduct his boatyard operations and that the lawsuit should be dismissed because it was not interfering with his operations and cannot regulate commercial boating at Hanalei."  (Compl. ¶ 26.)

In its Motion to Dismiss Sheehan's 2005 Complaint, the County stated it plays no role in issuing commercial use permits, but stated the County does have the authority to grant Special Management Area ("SMA") use permits for development of land. Hanalei River Enterprises, Inc. et al. v. Planning Commission of the County of Kauai, et. al, Civ. No. 05-00425, Defendants Planning Commission of the County of Kauai, Planning Department of the County of Kauai, and County of Kauai's Motion to Dismiss filed on 9/12/05 at 4-5, ECF No. 13.  The County represented that the SMA permit application it approved allowed Sheehan "to develop the land in accordance with the SMA use permit." Id. at 7.   The County did not assert that Sheehan was in violation of his Permits during the 2005 federal litigation. (Compl. at ¶ 26.)

In mid-2006, Sheehan told County officials he intended to operate the boatyard. (Compl. at ¶ 27.)  The County responded that no commercial tour boat activities could occur at the boatyard except for parking and vessel storage. (Id.)  At this time, former Kauai Mayor Baptiste had attributed to him in the newspaper the statement that he would stop the "illegal boating activity" occurring at Hanalei in Sheehan's boatyard. (Id.) According to Plaintiff, Mayor Baptiste refused to meet with him. (Id.)  Plaintiff alleges that the County began a covert

investigation into the activities occurring at the boatyard.
(Id.)

Between the fall of 2006 and July 2007, Coastal Zone
Management Inspector Leslie Milnes made numerous site visits to
the boatyard. (Id. at ¶ 29.) During these site visits, Milnes
allegedly did not tell Sheehan he had concerns regarding
compliance with the Permits. (Id.) According to the Plaintiff,
Milnes did not verbally warn Sheehan that he believed there were
Permit violations nor did he instruct Sheehan to correct any
perceived violations. (Id.)

In January 2007, during a Kauai County Council meeting,
Sheehan announced that he intended to invite his prior commercial
boating clients to operate from his boatyard for the summer 2007
season. (Id. at 28.) Plaintiff states that neither the County,
the Planning Commission, nor the Planning Department claimed that
Plaintiff was in violation of his Permits at the meeting. (Id.)

On July 18, 2007, the County of Kauai Planning Department
("Planning Department") issued a Violation Notice to Sheehan.
(Compl. at ¶ 30.) The Violation Notice alleged Sheehan violated
conditions 2, 5, 6, and 8 of the boatyard Permits based on
Inspector Milnes site visits to the boatyard between the fall of
2006 and July 2007. (Id. at ¶¶ 29-30.) Shortly prior to the
issuance of the Violation Notice, commercial tour boat companies
had begun operating at the boatyard. (Id.)

8

Plaintiff responded to the Violation Notice on July 23, 3007 and August 16, 2007, but claims the Planning Department did not address his responses or concerns.  (Id. at 32.)

On October 9, 2007, the Plaintiff states the Planning Director requested that the Planning Commission meet.  The Planning Commission issued an Order to Show Cause ("OSC") why Plaintiff's Permits should not be revoked, modified, or amended. (Id. at ¶¶ 34-35.)  On November 13, 2007, the Commission decided to retain a hearings officer for the OSC.  (Id. at ¶ 35.) During this time, the County did not substantively address any of Plaintiff's arguments that he was not in violation of the Permits' conditions.  (Id. at ¶¶ 37-38.)

On March 11, 2008, Plaintiff moved to dismiss the OSC.  (Id. at ¶ 39.)

On March 25, 2008, a hearings officer was retained for the OSC, however, due to a previously undiscovered conflict of interest, the hearings officer recused herself in April of 2008. (Id. at ¶ 43.)

In August 2008, Glenn Kosaka was retained as hearings officer.  (Id. at ¶ 44.)

On January 9, 2009, Plaintiff deposed Planning Director Ian Costa, Costal Zone Management Planner Michael Laureta, and Costal Zone Management Inspector Milnes.  (Id. at ¶ 47.)

9

Plaintiff's March 11, 2008 motion, later modified as to include a motion for summary judgment, was dismiss as moot. (Id. at ¶ 50; see also Motion at Ex. B, Hawaii Fifth Circuit Court Order, Findings of Fact ¶ 28, ECF No. 26-5.)  Hearings Officer Kosaka ruled in pre-hearing conferences that the motion had been disposed of when the matter was set for hearing before the Commission and the hearings officer was appointed.  (Motion at Ex. B, Finding of Fact ¶ 28).

Between March 2, 2009 and June 25, 2009, the Hearings Officer presided over fourteen days of hearings.  (Id. at ¶ 51.)

On April 14, 2010, Hearings Officer Kosaka issued his proposed findings of fact, conclusions of law, decision and order recommending that Plaintiff's Permits be revoked.  (Id.)

On May 11, 2010, the Commission adopted Hearings Officer Kosaka's order at a public meeting.  (Id. at ¶ 52.)

On June 21, 2010, the Commission entered the findings of fact, conclusions of law, decision and order revoking Plaintiff's Permits.  (Id.)

On July 15, 2010, Sheehan filed an appeal to the Fifth Circuit Court of the State of Hawaii ("State Court").  (Motion at 5.)

On May 27, 2011, the State Court issued its findings of fact, conclusions of law, and order affirming the Commission's

order.  (Motion at Ex. B, Hawaii Fifth Circuit Court Order)  The

State Court held:

- Sheehan violated the Permit conditions. (Conclusions of Law ("COL") ¶¶ 25-30.)
- The Commission properly invoked condition 12 allowing revocation. (<u>Id.</u> at ¶ 31.)
- The Commission did not violate any constitutional provisions by revoking the Permits. (<u>Id.</u> at ¶ 36.)
- The process involved in revoking the Permits did not violate any constitutional provisions. (<u>Id.</u> at ¶ 37.)
- Sheehan has not asserted a cognizable equal protection claim. (<u>Id.</u> at ¶ 38.)
- Sheehan has not presented any specific, credible evidence of actual differences in any decisions involving other permittees similarly situated to Sheehan. (<u>Id.</u> at ¶ 39.)
- Sheehan's equal protection argument is subject to the rational basis review because neither a suspect class nor a fundamental right is implicated. (<u>Id.</u> at ¶ 42.)
- The Commission's decision to revoke the Permits was directly related to the legitimate State interest in protecting Hawaii's shoreline. (<u>Id.</u> at ¶ 43.)
- Sheehan's due process rights were not violated by the Commission's decision to revoke the permits. (<u>Id.</u> at ¶ 44.)
- On several occasions, Sheehan was given ample notice and the opportunity to address the issues raised in the OSC.  Sheehan also actively and meaningfully participated in the OSC hearing for no less than fourteen days.  Sheehan also submitted proposed findings of fact, conclusions of law, and an order.  Additionally, Sheehan submitted written objections and presented oral argument before the Commission. (<u>Id.</u> at ¶ 46.)
- The Commission's exercise of discretion in revoking the Permits was not arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted discretion. (<u>Id.</u> at ¶ 19.)

11

On June 21, 2011, the State Court denied Sheehan's Motion for Reconsideration and entered Judgment against Sheehan, affirming the Commission's decision to revoke the Permits. (Id. at Ex. C, Hawaii Fifth Circuit Court Judgment)

On August 10, 2011, Sheehan filed a Notice of Appeal to the State of Hawaii Intermediate Court of Appeals. (Id. at Ex. D, "Notice of Appeal.")  The appeal to the Intermediate Court of Appeals remains pending at the time of the entry of this order.

Plaintiff claims that in early 2012, he learned of a meeting between Mayor Carvalho and the Planning Commissioners during a chance encounter with former Planning Commissioner Caven Raco. (Id. at ¶ 53; Opposition at Declaration of Michael G. Sheehan, ECF No. 31-1.)  The meeting allegedly occurred after Hearings Officer Kosaka issued his proposed findings, but prior to the Planning Commission's decision to revoke the Permits. (Id. at ¶ 53.)  Sheehan claims the meeting was held in secret and not in compliance with Hawaii's state sunshine law.  (Id. at ¶¶ 53, 79.) Sheehan alleges that the Mayor "conveyed in so many words his desire that they adopt Kosaka's proposed findings" but the Mayor "did not specifically tell them that they had to revoke Plaintiff's Master Permits." (Id. at ¶ 53.)  Sheehan asserts that the Commissioners "unanimously agreed with Carvalho that they would vote to revoke Plaintiff's Master Permits." (Id.)

On April 13, 2013, Plaintiff filed his Complaint in the United States District Court for the District of Hawaii.  Sheehan

alleges that the Defendants violated his Equal Protections rights under the Fourteenth Amendment of the United States Constitution and Article I, Section 5 of the Hawaii State Constitution (Count I).  Sheehan alleges that the Defendants violated his Due Process rights under the Fourteenth Amendment of the United States Constitution (Count II).  Sheehan claims the Individual Defendants are individually liable for the violations of his constitutional rights under 42 U.S.C. § 1983 (Count III) and for conspiracy to violate his constitutional rights (Count IV).  Sheehan also asserts that the Defendants are liable for tort interference with prospective economic advantage (Count V).

Defendants moved for judgment on the pleadings, claiming Sheehan's claims are barred by issue preclusion based on the State Court Order and Judgment.[1]  In supplemental briefing, Defendants argue that the claims are barred by the <u>Rooker-Feldman</u> doctrine.

**STANDARD OF REVIEW**

**I.   Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)
      for Failure to State a Claim**

---

[1]   The Defendants' Motion argues that the State Court Order and Judgment establish res judicata defenses to Plaintiff's claims.  (Motion at 12.)  Citing <u>Robi v. Five Platters, Inc.</u>, 838 F.2d 318, 321 (9th Cir. 1988), Defendants state the doctrine of res judicata includes two distinct types of preclusion, claim preclusion and issue preclusion.  This Court and other Ninth Circuit Court of Appeals decisions have held that the doctrine of collateral estoppel governs issue preclusion.  In their Reply, Defendants clarify that their Motion is based on the defense of issue preclusion.  (Reply at 1.)

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the pleadings are closed.  Judgment on the pleadings "is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). For a Rule 12(c) motion, all material allegations contained in the nonmoving party's pleadings are accepted as true, while the allegations made by the moving party that have been denied are assumed to be false.  Hal Roach Studios v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).

The district court's review is generally limited to the contents of the complaint.  If the court reviews matters outside the pleading, the motion is treated as one for summary judgment. See Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004); Fed. R. Civ. P. 12(c). The court may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment.  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

## A.    Application of the Fed. R. Civ. P. 12(b)(6) Standard

When a Rule 12(c) motion raises the defense of failure to state a claim, the standard governing the motion is the same as that governing a motion to dismiss under Federal Rule of Civil

14

Procedure 12(b)(6).  <u>McGlinchy v. Shell Chemical Co.</u>, 845 F.2d 802, 810 (9th Cir. 1988). Rule 12(b)(6) allows dismissal where a Complaint fails "to state a claim upon which relief can be granted."  The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. Rule 8(a)(2).

When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  <u>Pareto v. F.D.I.C.</u>, 139 F.3d 696, 699 (9th Cir. 1998). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. <u>Id.</u>  The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).

In <u>Bell Atlantic Corporation v. Twombly</u> the Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007).  In <u>Ashcroft v. Iqbal</u> the Supreme Court clarified that the principles announced in <u>Twombly</u> are applicable in all civil cases.  556 U.S.

15

662 (2009).  The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation."  Id. at 678 (quoting Twombly, 550 U.S. at 555). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Id. (quoting Twombly, 550 U.S. at 570).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Id. (quoting Twombly, 550 U.S. at 556).  A complaint that pleads facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

### B.   Effect of Granting a Fed. R. Civ. P. 12(c) Motion

A court that grants a Rule 12(c) motion has discretion to dismiss the case or enter judgment. See Lonberg v. City of Riverside, 300 F.Supp.2d 942, 945 (C.D. Cal. 2004). Although Rule 12(c) does not mention leave to amend, courts may grant a motion for judgment on the pleadings with leave to amend. See Sprint

16

Telephony PCS, L.P. v. County of San Diego, 311 F.Supp.2d 898,

903 (S.D. Cal. 2004). Dismissal with leave to amend is

appropriate if the pleadings may be cured by further factual

enhancement. See Whitson v. Bumbo, No. 07-05597, 2009 WL 1515597,

at *8 (N.D. Cal. Apr. 16, 2009).

**ANALYSIS**

**I.    Judicial Notice**

Defendants' Motion includes a Request for Judicial Notice of

the following documents:

**Exhibit A**, Findings of Fact, Conclusions of Law, Decision and

Order, dated June 24, 1987 in In re Application of Patricia W.

and Michael G. Sheehan, before the Planning Commission of the

County of Kauai, ("Permits");

**Exhibit B**, Findings of Fact, Conclusions of Law and Order, filed

May 27, 2011 in Sheehan v. County of Kauai, Civil No. 10-1-00161,

Circuit Court of the First Circuit, State of Hawaii, ("State

Court Order");

**Exhibit C**, Judgment, filed July 21, 2011 in Sheehan v. County of

Kauai, Civil No. 10-1-00161, Circuit Court of the First Circuit,

State of Hawaii ("State Court Judgment");

**Exhibit D**, Notice of Appeal to the Intermediate Court of Appeals

for the State of Hawaii, filed August 10, 2011 in Sheehan v.

County of Kauai, Civil No. 10-1-00161, Circuit Court of the First

Circuit, State of Hawaii ("State Court Appeal"). (Motion at 9, Exhs. A-D.)

The Court may take judicial notice of any fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  This Court may take judicial notice at any stage of a case, and the Court must take judicial notice when a party makes a request and supplies the necessary information. Fed. R. Evid. 201(d),(f). The documents presented by the Defendants can be readily determined through public records.  The accuracy of these sources cannot reasonably be questioned.  Defendants' Request for Judicial Notice is **GRANTED.**

## II.   The **Rooker-Feldman** Doctrine

Under the Rooker-Feldman doctrine, federal district courts lack subject matter jurisdiction to exercise appellate review over final state court judgments.  Henrichs v. Valley View Development, 474 F.3d 609, 613 (9th Cir. 2007) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983), Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 283-84 (2005)).  Rooker-Feldman is confined to cases brought by those who have lost in state court.  Those actions consist of complaint of injuries caused by state-court judgments

rendered before the district court proceedings commenced and invite district court review and rejection of those judgments. Exxon Mobil, 544 U.S. at 284 (2005).  Federal authority to review a state court judgment lies exclusively with the United States Supreme Court.  Id. at 292.  A challenge under the Rooker-Feldman doctrine is a jurisdictional issue and may be raised sua sponte by the court.  Kalfountzos v. Sacramento County Super. Ct., 471 F. App'x 691 (9th Cir. 2012) (unpublished opinion).

The Ninth Circuit Court of Appeals has clarified the narrow scope of the Rooker-Feldman doctrine.  First, a district court must determine whether the action contains an impermissible appeal of a state court decision.  Bell v. City of Boise, -- F.3d ----, 2013 WL 828485, at *4 (9th Cir. Mar. 7, 2013) (citing Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003)).  The impermissible appeal may be either direct or de facto.  To constitute a de facto appeal, "a plaintiff must seek not only to set aside a state court judgment; he or she must also allege a legal error by the state court as the basis for that relief."  Maldonado v. Harris, 370 F.3d 945, 950-51 (9th Cir. 2004) (quoting Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004)).  A district court must pay close attention to the relief sought by the federal-court plaintiff to determine whether an action functions as a de facto appeal Cooper v. Ramos, -- F.3d ----, 2012 WL 6700297, *4 (9th Cir. Dec. 27, 2012) (quoting Bianchi v.

Rylaarsdam, 334 F.3d 895, 900 (9th Cir. 2003)).  The court is not required to determine whether or not the state court fully and fairly adjudicated the constitutional claim.  Bianchi, 334 F.3d at 900.  "Stated plainly, 'Rooker-Feldman bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims.'"  Id. at 901 (quoting Kenmen Eng'g v. City of Union, 314 F.3d 468, 478 (10th Cir. 2002)).  Even if the state court is not explicitly named in the lawsuit, a Complaint challenging a state court's factual or legal conclusion constitutes a forbidden de facto appeal under Rooker-Feldman.  See Manufactured Home Communities, Inc. v. City of San Jose, 420 F.3d 1022, 1030 (9th Cir. 2005).

If a district court determines that a plaintiff seeks to bring a de facto appeal, the court's second step in the Rooker-Feldman analysis is to determine if the issue before the federal court is "inextricably intertwined" with the state court judicial decision.  Bell, 2013 WL 828485, at *5.  If the federal action does not contain a forbidden de facto appeal, the Rooker-Feldman inquiry ends.  Id.  In Feldman, the United States Supreme Court held that a claim was inextricably intertwined with a state court decision if "the district court is in essence being called upon to review the state court decision."  460 U.S. at 483

n.16.  On the other hand, an issue is not inextricably intertwined if it does not require review of the state judicial decision.  Id. at 486-87.

The Ninth Circuit Court of Appeals has applied a narrow and specialized meaning to "inextricably intertwined" under the Rooker-Feldman doctrine.  Kougasian v. TMSL, Inc., 359 F.3d 1136, 1142 (9th Cir. 2004) (citing Noel, 341 F.3d at 1166).  In Kougasian, the appellate court explained that application of "inextricably intertwined" is limited to cases where the plaintiff alleges an error by the state court.  Id. at 1143.  The court held that the plaintiff's claims based on the defendants' wrongful acts fell outside of the Rooker-Feldman doctrine because it was not a de facto appeal.  The plaintiff was challenging the defendant's wrongful act of extrinsic fraud and not a legal error by the state court.  Id.

In recognizing the limited scope of the Rooker-Feldman doctrine, the Ninth Circuit Court of Appeals has also stated that "[i]f there is simultaneously pending federal and state court litigation between two parties dealing with the same or related issues, the federal district court in some circumstances may abstain or stay proceedings; or if there has been state court litigation that has already gone to judgment, the federal suit may be claim-precluded under § 1738."  Noel, 341 F.3d at 1164.

21

**A.    The Court lacks subject matter jurisdiction over the
claims ruled upon by the Hawaii Fifth Circuit Court**

Sheehan's federal suit before the Court is a forbidden de
facto appeal to the extent that his Complaint directly challenges
the state court's decision.   In his state court appeal of the
Planning Commission's decision, Sheehan contended that (1) the
decision to revoke the Permits was arbitrary, capricious, and
characterized by an abuse of discretion, and (2) the decision to
revoke the Permits and the process involved was in violation of
constitutional provisions, including the due process and equal
protection clauses, as well as the Planning Department's own
internal procedures.   (Motion at Ex. B, State Court Order
Findings of Fact ¶ 43, ECF No. 26-5.)   The state court
specifically held that the Commission's revocation of the Permits
was not arbitrary or capricious, or characterized by an abuse of
discretion, and Sheehan's due process rights were not violated by
the Commission's decision to revoke the Permits. (Id. at
Conclusions of Law ¶¶ 19, 44, ECF No. 26-5.)   Sheehan now
requests an order from this Court holding that Defendants
violated his equal protection and due process rights under the
United States and Hawaii Constitutions.   Plaintiff also requests
that his Permits be reinstated without additional conditions.
(Compl. at ¶ C.)   This Court may not grant Sheehan the relief he
seeks.   The federal district court cannot reach the

constitutional arguments before the Hawaii state court without
violating the <u>Rooker-Feldman</u> doctrine.   <u>Bianchi</u>, 334 F.3d at 898.

**B.     The alleged secret meeting between the Planning
        Commissioners and the Mayor**

Sheehan alleges that the Defendants committed extrinsic
fraud on the state court by failing to disclose the meeting
between the Mayor and the Planning Commissioners that occurred
before the May 11, 2010 Planning Commission vote to adopt the
Hearings Officer's decision.   Sheehan claims that as a result,
"the Defendants provided the state court with an erroneous and
entirely skewed record" and "Plaintiff was prevented from
appraising the court, deposing the individuals, or otherwise
raising the issues below."   (Plaintiff's Supplemental Opposition
at 9, ECF No. 37.)

Sheehan claims that he was unable to present evidence of the
secret meeting between Mayor Carvalho and the Planning
Commissioners in his appeal before the Hawaii Fifth Circuit
Court.   (Opposition at 3 n.5.)   In a declaration submitted in
support of his Opposition, Sheehan alleges that he learned about
the secret executive session meeting at some point in 2012 during
a chance encounter with former Planning Commissioner Caven Raco.
(Opposition at Declaration of Michael G. Sheehan, ECF No. 31-1.)
Sheehan claims he had a follow-up meeting with Raco, where Raco
reiterated that there was an executive session where the Mayor

told the Commissioners, in so many words, to follow the hearings officers' findings of fact.  (<u>Id.</u>)

To the extent Sheehan alleges due process and equal protection claims based on a secret meeting between the Planning Commissioners and the Mayor, this new evidence was not presented to the Hawaii state court.  Sheehan is not alleging a legal error by the state court, but rather is alleging that the actions of adverse parties violated his constitutional rights.  The <u>Rooker-Feldman</u> doctrine does not dispose of Sheehan's claim that the Defendants improperly withheld evidence of the meeting between the Commissioners and the Mayor because this claim does not implicate the decision of the state court.  <u>See</u> <u>Payne v. Mono County</u>, 2012 WL 4050095, at *5 (E.D. Cal. Sept. 13, 2012) (<u>Rooker-Feldman</u> did not deprive the court of jurisdiction over new allegations regarding a secret Board meeting when the allegations were not before the  state court); <u>see also</u> <u>Dommisse v. Napolitano</u>, 474 F.Supp.2d 1121, 1132 (D. Ariz. 2007) ((dismissing the case on res judicata grounds but noting that the <u>Rooker-Feldman</u> doctrine did not dispose of claims that defendants encouraged witnesses to give false testimony).

The Court lacks subject matter jurisdiction to review all of Sheehan's claims based on the revocation of the Permits that were previously rejected by the state court, except his new

allegations regarding a secret meeting that occurred before the May 11, 2011 Planning Commission meeting.

The Court's analysis may not end at the <u>Rooker-Feldman</u> doctrine.  We must also examine the effect of the preclusion and abstention doctrines in simultaneously pending federal and state court litigation dealing with the same or related issues.  <u>Noel</u>, 341 F.3d at 1164.

## III. Collateral Estoppel

The United States Supreme Court has recognized the federal courts' traditional adherence to the preclusion doctrines of res judicata and collateral estoppel.  <u>Allen v. McCurry</u>, 449 U.S. 90, 94, 101 S. Ct. 411, 414-15 (1980).  "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  <u>Id.</u>  "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."  <u>Id.</u>  These common law doctrines relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication by preventing inconsistent decisions.  <u>Id.</u>

The starting point for a federal court requested to apply principles of res judicata (claim preclusion) and collateral

estoppel (issue preclusion) to state judicial proceedings is 28
U.S.C. § 1738.  Leong v. Hilton Corp., 698 F.Supp. 1496, 1499 (D.
Haw. 1988).  Pursuant to 28 U.S.C. § 1738, state judicial
proceedings "shall have the same full faith and credit in every
court within the United States . . . as they have by law or usage
in the courts of such state from which they are taken."  The
Ninth Circuit Court of Appeals held that "[i]t is well settled
that 28 U.S.C. § 1738 requires federal courts to give state court
reviewed administrative adjudications the same full faith and
credit that the adjudications would have in the state's own
courts."  Mack v. S. Bay Beer Distributors, Inc., 798 F.2d 1279,
1283 (9th Cir. 1986) *abrogated* by Astoria Fed. Sav. & Loan Ass'n
v. Solimino, 501 U.S. 104 (1991) on other grounds (§ 1738
presumption is inapplicable to judicially unreviewed findings of
state administrative bodies)).  To determine whether the
requirements of issue preclusion have been satisfied, a federal
court must look to the law of the state in question.  Caldeira v.
County of Kauai, 866 F.2d 1175, 1178 (9th Cir. 1989)(citing
Takahashi v. Board of Trustees, 783 F.2d 848, 850 (9th Cir.
1986), cert denied, 476 U.S. 1182 (1986).

     Under Hawaii law, four requirements must be met to apply the
principles of collateral estoppel: "(1) the issue decided in the
prior adjudication is identical to the one presented in the
action in question; (2) there is a final judgment on the merits;

26

(3) the issue decided in the prior adjudication was essential to the final judgment; and (4) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication." <u>Dorrance v. Lee</u>, 90 Haw. 143, 149, 976 P.2d 904, 910 (1999).

Defendants Motion for Judgment on the Pleadings based on collateral estoppel must be **DENIED** because there is no final judgment on the merits. Under Hawaii law, a judgment is final for purposes of res judicata where the time to appeal has expired without an appeal being taken. <u>Glover v. Fong</u>, 42 Haw. 560 (1958). The Hawaii Intermediate Court of Appeals has held that "where an appeal has been taken, a judgment of the trial court is not final, at least for purposes of res judicata." <u>Littleton v. State</u>, 708 P.2d 829, 833 (Haw. App. 1985). The United States District Court for the District of Hawaii, citing <u>Littleton</u>, has held that a state trial court judgment on appeal is not final for preclusive effect. <u>See</u> <u>Pedrina v. Chun</u>, 906 F.Supp. 1377, 1402-1403, 1409 (D. Haw. 1995) (applying final judgment analysis under <u>Littleton</u> to both issue preclusion and claim preclusion); <u>Tejada v. Deutsche Bank Nat. Trust Co.</u>, CIV. 10-00136 SOM, 2011 WL 3240276 (D. Haw. July 27, 2011)(staying proceedings pending state court appeal after holding that the final judgment requirement for the purposes of res judicata was not met as long as the appeal was pending); <u>Hawaii Children's Blood & Cancer Group v.</u>

27

Hawaii Pac. Health, Civ. 03-00708 SOM/LEK, 2009 WL 62418 (D. Haw. Jan. 8, 2009) (same); see also Castro v. Melchor, Civ. 07-00558 LEK, 2012 WL 4092425 (D. Haw. Sept. 14, 2012).

On August 10, 2011, Sheehan filed a Notice of Appeal before the Intermediate Court of Appeals of the State of Hawaii. (Motion at Ex. D, Notice of Appeal.) As of the date of this Order, Sheehan's appeal is pending before the Hawaii Intermediate Court of Appeals as Sheehan v. County of Kauai, et al., Case No. CAAP-11-0000601. The final judgment requirement for the purposes of issue preclusion is not met as long as Sheehan's appeal before the Intermediate Court of Appeals is pending.

The Court recognizes that once the Hawaii Intermediate Court of Appeals rules on the state court appeal, the judgment may have a collateral estoppel effect in the case before the Court. See Caldeira v. County of Kauai, 866 F.2d 1175 (9th Cir. 1989). Sheehan's claims will likely be barred by issue preclusion because he has not shown that the newly discovered evidence of the "secret meeting" was fraudulently concealed or could not have been discovered with due diligence. Mono County, 2012 WL 40500095 at *7 ("although plaintiff may not have known about the alleged "secret meeting" at the time of the state court action, there is no indication that plaintiff could not have learned of the meeting had he exercised diligence prior to or during the state court action"); Jenson v. Huerta, 828 F.Supp.2d 174 (D.D.C.

28

2011); <u>Western Sys. V. Ulloa</u>, 958 F.2d 864, 871-72 (9th Cir. 1992) ("Ignorance of a party does not . . . avoid the bar of res judicata unless the ignorance was caused by the misrepresentation or concealment of the opposing party."). Sheehan's discovery of the alleged secret meeting will not alter the preclusive effect of the state court decision. <u>See</u> <u>Pedrina v. Chun</u>, 906 F.Supp. 1377, 1398 n.7 ("If anything, the evidence provides Plaintiffs a grounds for challenging the validity of the actions in the state courts").

At this juncture, however, Sheehan's claims are not barred by issue preclusion given the absence of the final state court judgment required for the application of the doctrine. Defendants' Motion for Judgment on the Pleadings based on collateral estoppel is **DENIED**.

### III. <u>Younger</u> Abstention

"<u>Younger</u> abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." <u>San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose</u>, 546 F.3d 1087, 1091 (9th Cir. 2008) (internal citations omitted). In <u>Younger v. Harris</u>, 401 U.S. 37 (1971), the United States Supreme Court held that federal courts should not enjoin pending state criminal prosecutions, absent extraordinary circumstances, for reasons of comity and federalism. Both principles require that federal courts give

29

"proper respect for state functions" and allows state courts "to perform their separate functions in their separate ways." Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) (internal quotations omitted). While Younger involved a state court criminal proceeding, the Supreme Court extended the Younger abstention doctrine to state court civil suits and state administrative proceedings. New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 368 (1989); Huffman v. Pursue, Ltd., 420 U.S. 592, 604 (1975). Younger now applies in "the civil context if the case implicates 'important state interests.'" Rowland v. Novus Fin. Corp., 949 F.Supp. 1447, 1456 (D. Haw. 1996) (quoting Middlesex, 457 U.S. at 432). Younger abstention may be raised sua sponte at any point in the litigation. H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000) (citing Bellotti v. Baird, 428 U.S. 132, 143 n. 10, 96 S.Ct. 2857, 49 L.Ed.2d 844 (1976); The San Remo Hotel v. City & County of San Francisco, 145 F.3d 1095, 1103 n. 5 (9th Cir.1998)).

Four requirements must be met for the Court to abstain under the Younger abstention doctrine: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or

have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that <u>Younger</u> disapproves.  <u>San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose</u>, 546 F.3d 1087, 1092 (9th Cir. 2008) (internal citations omitted).  An exception to the application of the <u>Younger</u> abstention doctrine exists if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."  <u>Id.</u>

Interference with state proceedings is at the core of the comity concern underlying the <u>Younger</u> doctrine.  <u>Gilbertson v. Albright</u>, 381 F.3d 965, 976 (9th Cir. 2004).  Interference in the <u>Younger</u> context is not limited to direct interference, but instead focuses on interference that would have the same practical effect on the state proceedings as a formal injunction. <u>Id.</u> at 978-79.  The Ninth Circuit Court of Appeals has extended <u>Younger</u> to actions for damages under 42 U.S.C. 1983.  <u>Id.</u>  Since damages actions require non-discretionary relief and may not be available in the state proceedings, the entry of an order staying the federal action until the state proceeding has been completed is the preferable course to protect the federal plaintiff's rights.  <u>Id.</u> at 980. "To stay instead of to dismiss the federal action preserves the state's interest in its own procedures, the federal plaintiff's opportunity to seek compensation in the forum

of his choice, and an appropriate balance of federal-state jurisdiction." Id. at 984.

### (1)  A state-initiated proceeding is ongoing

In analyzing the first requirement of the Younger Abstention Doctrine, the Ninth Circuit Court of Appeals has stated that in addition to determining whether state court proceedings are ongoing, the "critical question is . . . whether 'the state proceedings were underway before initiation of the federal proceedings.'" Kitchens v. Bowen, 825 F.2d 1337, 1341 (9th Cir. 1987) (citing Fresh Int'l Corp. v. Agricultural Labor Relations Bd., 805 F.2d 1353, 1358 (9th Cir. 1985)).  There is no question that the Hawaii state court proceedings were underway before Sheehan filed his Complaint on April 13, 2012.  A pending appeal before a state appellate court is an ongoing state judicial proceeding.  Gilbertson, 381 F.3d at 983 (citing  Huffman v. Pursue, Ltd., 420 U.S. 592, 608-09 (1975)).  Sheehan filed his appeal to the Hawaii appellate court on August 10, 2011 and the appeal remains pending as of the date of this Order.

### (2)  The proceeding implicates important state interests

The Ninth Circuit Court of Appeals has consistently ruled that land use planning is a "sensitive issue of social policy." Pearl Inv. Co. v. City and County of San Francisco, 774 F.2d 1460, 1463 (9th Cir. 1985).  Additionally, the Hawaii Supreme Court has recognized the importance of land use decisions

relating to Kauai's coastline "as Hawaii constitutionally recognizes the significance of conserving and protecting Hawaii's natural beauty and all natural resources for present and future generations." Morgan v. Planning Dept., County of Kauai, 86 P.3d 982, 990 (Haw. 2004) (citing Haw. Const. art. XI, § 1).  The state proceedings involving the County of Kauai's discretion, under it's authority to grant land use permits, to revoke Sheehan's Permits implicate important state interests under Younger.  See Rodrigues v. County of Hawaii, 823 F. Supp. 798, 801 (D. Haw. 1993).

> **(3)  The federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding**

Sheehan pursued constitutional challenges in the state court proceedings, specifically alleging violations of Due Process and Equal Protection.  In considering Sheehan's appeal of the Planning Commission's decision, the Hawaii Fifth Circuit Court had the authority to set aside the commission's decision if it was "in violation of constitutional or statutory provisions" or "arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion."  Haw. Rev. Stat. § 91-14; see also N Group LLC v. Hawaii County Liquor Comm'n, 681 F. Supp. 2d 1209, 1238 (D. Haw. 2009).

Even if Sheehan were to argue that conduct he complains of in his federal Complaint, specifically the secret meeting between the Mayor and the Commissioners, was outside of the

administrative record in the state court proceedings, this argument fails.  Gilbertson, 381 F.3d at 983.  Hawaii Rule of Civil Procedure 60(b) allows a party may move for relief from a judgment based on newly discovered evidence or for "any other reason justifying relief from the operation of the judgment."  Haw R. Civ. P. 60(b).  Rule 60(b) requires that a motion based on newly discovered evidence must be made "not more than one year after the judgment."  Id.  Under Hawaii law, while a judgment is on appeal, jurisdiction lies in the appellate court, however, a motion under Rule 60(b) may be made and considered in the trail court  and if the trial court indicates that it will grant the motion, the appellant may then move in the appellate court for a remand of the case.  Life of the Land v. Ariyoshi, 553 P.2d 464, 466 (Haw. 1976).  If a Rule 60(b) motion is not made, the appellate court cannot consider matters outside the record which were not before the trial court at the time its judgment was rendered.  Casumpang v. ILWU Local 142, 121 P.3d 391, 400 (Haw. 2005) (citing Haw. Rev. Stat. § 641-2).

The Hawaii Fifth Circuit Court's judgment was entered on July 21, 2011. (Motion at Ex. C, Doc. 26-6.)  On August 10, 2011, Sheehan filed a Notice of Appeal before the Hawaii Intermediate Court of Appeals. (Motion at Ex. D, Notice of Appeal.)  Based on Sheehan's filings, he learned of the meeting sometime between January 1, 2012 and April 13, 2012.  Under Haw.

34

R. Civ. P. 60(b), Sheehan could have filed a motion to present
the new evidence to the Hawaii Intermediate Court of Appeals up
until July 21, 2012.

Even if Sheehan failed to avail himself of the opportunity
to present his new evidence to the state court, this does not
mean that the state procedures are inadequate. Gilbertson, 381
F.3d at 983. The Hawaii state court procedures are adequate for
the purpose of raising Sheehan's constitutional issues and
Sheehan has failed to show that he was barred from pursuing
constitutional challenges in the state proceedings.

**(4) The federal court action would enjoin the proceeding or
have the practical effect of doing so, i.e., would
interfere with the state proceeding in a way that
Younger disapproves.**

The constitutional issues that Sheehan has raised in his
Complaint before the Court are nearly identical to the points of
error he asserted in his appeal to the Hawaii Fifth Circuit
Court. The Due Process and Equal Protection issues raised in the
Complaint before the court go to the heart of Sheehan's
opposition to the Planning Commission's decision to revoke his
permits in the state proceedings. Younger principles apply to
Sheehan's claims for damages and declaratory relief. A decision
by this Court would have the same effect on the state proceeding
as an injunction. Gilbertson, 381 F.3d at 982; see also Lake
Luciana, LLC v. County of Napa, 2009 WL 3707110 at *3 (N.D. Cal.
Nov. 4, 2009) (unpublished opinion).

**(5)   There has been no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate**

**(a) There has been no showing of bad faith**

"Under the bad faith exception, a federal court is not obliged to refrain from intervention where it finds that the state proceeding is motivated by a desire to harass or is conducted in bad faith."   N Group LLC, 681 F.Supp.2d at 1239 (citing Gilbertson, 381 F.3d at 983).   In N Group LLC, this Court applied the Second Circuit Court of Appeal's analysis to the bad faith exception, requiring a federal plaintiff to "show that he state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive."   Id. at 1239 (citing Diamond "D" Constr. Corp. V. McGowan, 282 F.3d 191, 199 (2d Cir. 2002)).   The Defendants' subjective motivation "is critical to, if not determinative of," the bad faith inquiry. Id.   In considering the exceptions to Younger abstention, the Ninth Circuit Court of Appeals has held that an individual who alleges bias must overcome "a presumption of honesty and integrity in those serving as adjudicators."   Hirsh v. Justices of Supreme Court of State of Cal., 67 F.3d 708, 714 (9th Cir. 1995) (citing Withrow v. Larkin, 421 U.S. 35, 47 (1975)); see also Kay v. State Bar of California, C 09-1135 PJH, 2009 WL 1456433, at *4 (N.D. Cal. May 21, 2009) aff'd sub nom., 379 F. App'x 631 (9th Cir. 2010).

36

There is no indication that the appeal before the Hawaii Fifth Circuit Court was conducted in bad faith.  The key inquiry is whether bad faith occurred during the proceedings before the Planning Commission.  The Complaint indicates that the Permit revocation process was initiated based on a Coastal Zone Management Inspector's finding that there was a violation of the Permits' conditions.  (Compl. at ¶ 29-30.)  Plaintiff has failed to show that the revocation process was brought without a reasonable expectation that Sheehan violated the Permits.  See Kugler v. Helfant, 421 U.S. 117, 124 n. 6, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975) (allegation of prosecutorial bad faith failed because complaint did not support a finding that prosecution was brought without a reasonable expectation of obtaining a valid conviction).

Sheehan fails to offer any specific factual allegations to support his claims that the Defendants were motivated by animus. Sheehan cites proclamations from former Kauai Mayor Baptiste as evidence of improper motive, (Compl. at ¶ 28.); however, Baptiste is not named as a Defendant in the Complaint.  Sheehan states his two prior federal lawsuits against the County of Kauai are evidence that the County harbors a personal animus against him, (Compl. at ¶ 59), but this conclusory allegation fails.  Sheehan also points to the secret meeting between the Planning Commissioners and Mayor Carvalho as evidence of animus, but he

has not proffered specific allegations that show the Defendants'
subjective intent in revoking Sheehan's permits was not based on
permit violations and the Planning Commission's objectives to
protect the environment and natural resources of Hawaii's
shoreline.

Sheehan focuses on the January 9, 2009 deposition testimony
of Planning Director Costa and Coastal Zone Management Planner
Michael Laureta to show animus.  (Compl. at ¶¶ 48-49, 60, 76.)
Plaintiff's reliance on Costa's deposition testimony fails
because Costa testified at the OSC hearings that occurred from
March through June of 2009.  The state court judge found it would
have been improper to give greater weight to the deposition
testimony, which was hearsay and not subject to cross-
examination, than to the testimony of a live witness.  Motion at
Ex. B, Conclusions of Law at ¶ 32, ECF No. 26-5; see also Orr v.
Bank of Am., NT & SA, 285 F.3d 764, 779 n.27 (9th Cir. 2002)
(deposition testimony, irrespective of its contents, is
ordinarily hearsay when submitted at trial or a motion hearing
involving live witness testimony).  Planner Laureta's deposition
testimony that he considered the manner in which Plaintiff was
treated amounted to a "political shaft" is merely a conclusory
opinion that does not demonstrate bias or animus.  See Stucky v.
Hawaii, Civ. 06-00594 JMS/KSC, 2008 WL 214944, at *16 n.22 (D.
Haw. Jan. 25, 2008) aff'd sub nom., Stucky v. Dep't of Educ., 337

F. App'x 611 (9th Cir. 2009) (conclusory opinion statement did not demonstrate that the defendants' stated reason for employment termination was unworthy of credence).

Sheehan has not overcome the presumption of honesty and integrity afforded to the Hearings Officer and Planning Commissioners.  Hirsh, 67 F.3d at 714.  In the absence of allegations of specific facts to support an inference of bad faith, Sheehan's case does not fit within the narrow bad-faith exception to Younger abstention.  N Group LLC, 681 F.Supp.2d at 1240.

### (b) There are no extraordinary circumstances

Extraordinary circumstances have not been cataloged fully. Baffert v. California Horse Racing Bd., 332 F.3d 613, 621 (9th Cir. 2003)  In Younger, the United States Supreme Court cited a statute that was "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph" as an example of an exceptional circumstance.  401 U.S. at 53.  The Younger exception for "extraordinary circumstances" does not apply to the case as currently plead before the Court.  N Group LLC, 681 F.Supp.2d at 1240.

The four Younger requirements have been met and no exceptions to the Younger doctrine appear to apply.  The Court will abstain from deciding Plaintiff's remaining constitutional

claims based on the secret meeting and the additional state law
tort claim.   Plaintiff's claims for injunctive relief are
**DISMISSED**.   Plaintiff's claims for damages are **STAYED** pending the
resolution of the Plaintiff's appeal currently before the Hawaii
Intermediate Court of Appeals.  <u>Gilbertson</u>, 381 F.3d at 984; <u>see</u>
<u>also</u> <u>Gilbert v. North Carolina State Bar</u>, 660 F.Supp.2d 636, 648
(E.D.N.C. 2009) (abstaining under <u>Younger</u> and staying both 42
U.S.C. 1983 and state law claims for damages).

The <u>Younger</u> abstention doctrine has been raised by the Court
<u>sua sponte</u>, therefore, the Plaintiff is granted leave until April
30, 2013, to amend his Complaint to specifically allege facts
that the proceedings before the Planning Commission were tainted
by bad faith, harassment, or some other exceptional circumstance.
See <u>N Group LLC</u>, 681 F.Supp.2d at 1240.

### CONCLUSION

Defendants' Motion for Judgment on the Pleadings (ECF No.
26) is **GRANTED**, in part, as to the federal and state
constitutional claims raised before the Hawaii state court
because this Court lacks subject matter jurisdiction under the
<u>Rooker-Feldman</u> doctrine.

Under the <u>Younger</u> abstention doctrine, Plaintiff's claims
for injunctive relief are **DISMISSED** without prejudice.  As to
Plaintiff's remaining constitutional claims based on the secret

meeting and the state law claim for interference with prospective economic advantage, the claims for damages are **STAYED** pending the resolution of the Plaintiff's appeal before the Hawaii Intermediate Court of Appeals.

At this time, the Court does not differentiate between the different Defendants with regard to the stay, due to the possibility of all claims being precluded by the outcome of the state court appeal.

The Court **GRANTS** Plaintiff until April 30, 2013, should he choose to amend the Complaint to allege a bad faith exception or exceptional circumstances pursuant to the Younger abstention doctrine.

IT IS SO ORDERED.

Dated: March 29, 2013, Honolulu, Hawaii.

Judge Helen Gillmor

Michael G. Sheehan v. County of Kauai, et al.; Civil No. 12-00195 HG-BMK; **ORDER GRANTING, IN PART, DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 26)**